UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.



FILED by _RCS_ D.C.

SEP 04 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

VIRGINIA VERGARA and, )
MARIA CARABALLO )
)
Plaintiffs, )
)
v. )
)
AMERICAN SALES & )
MANAGEMENT ORGANIZATION )
LLC, )
)
Defendant. )
)

09-22649

CIV-JORDAN

McALILEY

### DEFENDANT'S NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court, Southern District of Florida.

Defendant, AMERICAN SALES & MANAGEMENT ORGANIZATION LLC, ("Defendant"), through counsel and pursuant to 28 U.S.C. §§ 1331 and 1441, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby files and serves this Notice of Removal and removes the action described in paragraph 1 below from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As grounds for removal, Defendant states as follows:

1. Plaintiff filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 09-59019 CA-02. Defendant was served with the Summons and Complaint on August 12, 2009. Copies of the Summons and Complaint are being filed contemporaneously herewith at Tab 1.

MI:1909977v1

2. Plaintiffs have filed this action against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

3. Plaintiffs' federal Fair Labor Standards Act claim is being brought pursuant to 29 U.S.C. § 201 *et seq.*, and therefore arises under the laws of the United States. Therefore, pursuant to 28 U.S.C. §§ 1331 and 1441, this action is properly removable to the United States District Court, Southern District of Florida, as this action is within the Court's original jurisdiction. In this regard, 28 U.S.C. § 1331 states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending."

4. Defendant is filing the instant Notice of Removal within thirty (30) days of having been served with the Summons and Complaint. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. A copy of this Notice of Removal will be filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as required by 28 U.S.C. § 1446(d).

6. Defendant has paid the appropriate filing fee with the Clerk of this Court.

WHEREFORE, Defendant hereby gives notice that the above-described state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is removed to the United States District Court for the Southern District of Florida.

Dated: September 4th, 2009

Respectfully submitted,

*/s/ Mark J. Beutler*

Mark J. Beutler
Florida Bar No. 23400
mbeutler@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
Suite 4300
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 579-3200
Fax: (305) 579-3201
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

| | |
|---|---|
| VIRGINIA VERGARA and, <br> MARIA CARABALLO <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN SALES & <br> MANAGEMENT ORGANIZATION <br> LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was furnished to Counsel for Plaintiffs, Lawrence J. McGuinness, Esquire, Lawrence J. McGuinness, P.A., 1627 S.W. 37th Ave., Unit 100, Miami, Florida 33134, by mail, this 4th day of September, 2009.

_____
Mark J. Beutler

```
                                IN THE CIRCUIT COURT OF THE 11th
                                JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
                                COUNTY, FLORIDA

                                GENERAL JURISDICTION DIVISION

VIRGINIA VERGARA and      :     CASE NO.
MARIA CARABALLO,          :
                          :
        Plaintiff,        :
                          :     09-59019 CA 2
vs.                       :
                          :
AMERICAN SALES &          :
MANAGEMENT ORGANIZATION,  :
LLC,                      :
                          :
        Defendant.        :     COMPLAINT
_____/
```

Plaintiffs, through counsel, sue Defendant for overtime violations, and state:

## A. JURISDICTION, PARTIES & VENUE

1. The amount in dispute in these proceedings exceeds the sum of $15,000.00, exclusive of interest, costs and attorneys' fees. Plaintiffs are also seeking equitable and injunctive relief as allowed by the FLSA. This is a claim by Plaintiffs against Defendant for overtime violations.

2. Plaintiffs worked for Defendant in Miami-Dade County, Florida for the three year period prior to late May 2009 when they were fired.

3. Defendant engages in business in Miami-Dade County, Florida.

## B. GENERAL ALLEGATIONS

4. For their overtime claim, Plaintiffs worked an average of 10+ overtime hours per work week while employed by Defendant but Defendant failed to pay Plaintiffs overtime pay for those hours.

-1-



...

5. Defendant paid Plaintiffs $12.95 per hour which translates to an overtime rate of $19.43 per hour. As such, for each work week that Plaintiffs worked for Defendant, they are owed $194.30 in unpaid overtime and $193.30 in liquidated damages.

6. Plaintiffs have performed and/or satisfied all conditions precedent on his part to be performed and/or Defendant has otherwise waived such conditions by its actions.

7. Plaintiffs are entitled to their attorneys' fees and costs for bringing this action pursuant to the §216 of the FLSA and Plaintiffs have retained the undersigned law firm and is obligated thereby to pay for their fees and costs incurred herein.

## COUNT I
## UNPAID OVERTIME

8. Plaintiffs readopt and reallege all allegations contained in ¶¶ 1-7 above.

9. Plaintiffs brings this Count under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") against Defendant for overtime violations.

10. Plaintiffs worked for Defendant as non-exempt hourly employees and weres not paid any overtime despite working an average of 10+ hours per week.

11. Plaintiffs seek to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b). Plaintiffs are also seeking that the Court enjoin and/or enter injunctive relief against Defendant for its overtime violations of the FLSA.

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

13. Defendant was, and at all times pertinent to this Complaint, engaged in interstate commerce and is otherwise subject to the FLSA. By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

14. By reason of his employment with Defendant, Plaintiffs were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiffs was directly essential to the those interstate activities described in ¶13 above, which was directly essential to the business performed by Defendant. Plaintiffs, by virtue of their job duties and functions as described above, was engaged in commerce.

15. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the Act (i.e., 50+) but no provision was made by Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

16. Defendant also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Plaintiffs' hours of work.

17. Plaintiffs were entitled to be paid at their applicable overtime for all hours worked in excess of forty (40) per workweek.

-3-

18. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation by its failure to pay Plaintiffs for their overtime hours in accordance with the FLSA.

19. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiffs demand judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable for Count I.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiffs
1627 S.W. 37th Ave., Unit 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559

BY: _____
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611

-4-

**09-22649**

JS 44 (R...) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED SEP 04 2009 STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
VIRGINIA VERGARA and MARIA CARABALLO

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lawrence J. McGuinness, Esq., 1627 S.W. 37 Ave., Unit 100, Miami, FL 33134   305-448-9557

### DEFENDANTS
AMERICAN SALES & MANGEMENT ORGANIZATION LLC.

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
Mark J. Beutler, Esq., Epstein Becker & Green, PC, 200 S. Biscayne Blvd., Suite 4300, Miami, FL 33131   305-579-3200

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

CIV-JORDAN MAGISTRATE MCALILEY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ■ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO
b) Related Cases ☐ YES ✓ NO
JUDGE                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sec. 201;  Alleged overtime pay violations

LENGTH OF TRIAL via  1  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
*Mark J Beutler*
DATE 9-4-09

FOR OFFICE USE ONLY
AMOUNT 350-    RECEIPT # 1007927 FP